# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | |
|---|---|
| **RODERICK PRESIDENT** | **CIVIL ACTION NO. 05-1178-LC** |
| **VS.** | **SECTION "P"** |
| **BETTY DUPLICHAN, ET AL** | **JUDGE TRIMBLE** |
| | **MAGISTRATE JUDGE WILSON** |

## REPORT AND RECOMMENDATION

Before the court is a civil rights (42 U.S.C.§1983) complaint filed *in forma pampers* by pro se plaintiff, Roderick President, on June 13, 2005[1]. Plaintiff is an inmate in the custody of the Louisiana Department of Corrections and is currently incarcerated at Forcht Wade Correctional Center (FWC) in Keithville, Louisiana. Plaintiff's allegations herein involve events that occurred while plaintiff was incarceration at Allen Correctional Center (ACC), in Kinder, Louisiana. Plaintiff names ACC medical director, Betty Duplichan, and Department of Public Safety and Corrections Secretary, Richard Stalder, as defendants herein.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

## STATEMENT OF THE CASE

The procedural history in this case is somewhat complex. First, it should be noted that plaintiff states that he is filing this matter as an appeal from a judgment of the Louisiana Supreme Court rendered on May 13, 2005. The judgment, which denied plaintiff's writ application as untimely, stems from a suit filed by plaintiff on May 15, 2000, in the 19th Judicial District Court in East Baton Rouge Parish. According to plaintiff, the suit in the 19th JDC is still pending and involves his claims that he

---

[1]This matter was originally filed in the Shreveport Division of the Western District of Louisiana. On or about March 16, 2006, the case was transferred/reassigned to the Lake Charles Division. [Doc.#10].

has been denied a specific combination of drugs for the treatment of his Hepatitis C condition. He alleges that the medical staff at ACC informed him that the drugs were too expensive for the DOC to use on inmates. Instead, plaintiff states that his condition was to be monitored every thirty days at ACC's medical clinic. Plaintiff submitted copies of the grievances that he filed prior to filing his 19th JDC suit, as well as the responses thereto. In denying plaintiff's grievances pertaining to the denial of the particular medical treatment, the responses noted that the DOC was following a protocol for the administration of the treatment. It was further noted that as plaintiff's liver enzymes were within normal range, he did not qualify for the treatment but that he would be monitored through the chronic disease clinic. As alternative relief to his request for the drug treatment, plaintiff sought, both in the administrative remedy process and in his 19th JDC suit, a medical release/parole in order to obtain the drugs at his own expense. In response, the DOC stated that plaintiff's prognoses made him ineligible for a medical furlough.

Following the above administrative third step denial, plaintiff filed the referenced 19th JDC suit, which was subsequently transferred to the 33rd JDC in Allen Parish. Plaintiff states he was allowed to proceed *in forma pauperis* on August 28, 2003, that the defendants filed an answer to the complaint on September 24, 2003, and on June 28, 2004, they filed a motion to stay the proceedings pursuant to LSA-R.S. 15:1186 (B)(2)(a)[2], which was granted on June 29, 2004. Thereafter, plaintiff appealed the order to stay the proceedings, which was denied by the Third Circuit Court of Appeals on October 29, 2004, with a finding that the trial court's order to stay the proceedings was correct. [Doc. #3-4, p.9]. Plaintiff then filed an application for writs with the Louisiana Supreme Court, which, on May 13, 2005,

---

[2] This section states, "The order granting a prisoner's request to proceed in forma pauperis automatically stays all proceedings, including any service of process, until all costs of court or fees due the clerk by the prisoner in this matter are paid. During the pendency of the stay the prisoner may not take any action to prosecute the suit, including but not limited to filing any pleadings, discovery, or motions other than a motion of voluntary dismissal of a motion to lift the stay because all costs have been paid."

it declined to consider based on a finding that such was not timely filed. [Doc. #3-4, p.11]. Plaintiff states that the present "appeal" followed [Doc.#3-5, p.6], wherein he asks this court to "consider plaintiff's Writ Application timely filed to the Supreme Court of the Sate of Louisiana and/or consider the merit's of plaintiff's claims of constitutional violations as unconstitutional." [Doc.#3-5, p.12].

## LAW AND ANALYSIS

### I. Appellate Jurisdiction

To the extent that the plaintiff has filed his civil action in this court seeking appellate review of a state court decision, this court has no jurisdiction to consider his claims.

Federal courts are courts of limited jurisdiction. Pursuant to 28 U.S.C. § 1331, "[t]he district Court[s] shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." However, no statute exists granting federal district courts jurisdiction to hear appeals from state court decisions. 28 U.S.C. § 1257 provides that "[f]inal judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the United States Supreme Court by a writ of certiorari." There is no parallel provision which grants appellate jurisdiction to the inferior federal courts.

The Supreme Court has consistently held, in what is known as the Rooker-Feldman Doctrine, that "federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts." See, *Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000)(citing, *Liedtke v. State Bar of Texas*, 18 F.3d 315, 317 (5th Cir. 1994)(citations omitted)(referencing, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983)); See also, *Hanna v. Home Ins. Co.*, 281 F.2d 298 (5th Cir. 1960) *cert. denied* 81 S.Ct. 751, 365 U.S. 838, 5 L.Ed.2d 747, *rehearing denied* 81 S.Ct. 1905, 366 U.S. 955, 6 L.Ed.2d 1247 (citing,

*Williams v. Tooke*, 108 F.2d 758 (5th Cir. 1940) *cert. denied*, 311 U.S. 655, 61 S.Ct. 8, 85 L.Ed. 419; *Hendron v. Yount-Lee Oil Co.*, 108 F.2d 759 (5th Cir. 1940) *cert. denied*, 311 U.S. 664, 61 S.Ct. 21, 85 L.Ed. 426). If the state trial court errs, the judgment is not void, it is to be reviewed and corrected by the appropriate state appellate court. After review by the state courts, recourse at the federal level is limited to an application of a writ of certiorari to the Untied States Supreme Court. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); See also, *Waggener v. Waggener*, 2003 WL 21204463 *2 (E.D.Tex.)(Jurisdiction to review valid state court judgments lies exclusively with the state courts and, ultimately, the United States Supreme Court)((citing, *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994); *Carbonell v. Louisiana Dept. of Health and Human Resources*, 772 F.2d 185, 188-89 (5th Cir. 1985).

Plaintiff has pursued his claim through each level of the Louisiana courts. This Court is precluded by the Rooker-Feldman Doctrine from exercising appellate jurisdiction over a final judgment of the Louisiana Courts.

**II. Frivolity Review**

Additionally, and/or in the alternative to reviewing the Louisiana Supreme Court's denial of plaintiff's writ, he asks this court to consider the merits of his claims that his constitutional rights have been violated by the defendants. Thus, it is necessary that the court provide an analysis of the issues pertinent to plaintiff's constitutional claims. Specifically, when a prisoner seeks redress from a governmental entity or from an officer or employee of a governmental entity, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous,[3] malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is

---

[3] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

4

immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C.1997e(c)(1). A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss as frivolous a prisoner suit on the complaint alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, particularly in the context of dismissals under §1915(e)(2)(B), but are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994). A complaint may not be dismissed under §1915(d)(2)(B) "simply because the court finds the plaintiff's allegations unlikely." *Jolly v. Klein*, 923 F.Supp. 931, 942-43 (S.D.Tex.1996). A civil rights plaintiff must support his claim(s) with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Plaintiff's complaint sufficiently establishes his theories of liability with respect to the named defendants, and the court is convinced that plaintiff has presented the best case which could be presented by him under the circumstances and that further amendment of the pleadings would serve no useful purpose. Accepting all of plaintiff's allegations as true and giving plaintiff the benefit of every doubt, the court concludes, for the reasons stated hereinafter, that he has failed to state a claim for which relief may be granted and accordingly recommends dismissal of the complaint.

### III. On-Going State Court Proceeding

Plaintiff clearly states that his constitutional complaints are the subject of a suit pending in the state court. Thus, the abstention doctrine enunciated in *Younger v. Harris*, 91 S. Ct. 746 (1971) requires this court to abstain from considering these claims. In *Younger*, the Supreme Court recognized a need for federal courts to abstain from interfering in on-going state court proceedings. When federal court jurisdiction would interfere with pending criminal, civil, or administrative state proceedings, the federal court must abstain from exercising jurisdiction. For *Younger* to apply, three requirements must be satisfied: (1) the dispute must involve an ongoing state judicial proceeding; (2) an important state interest in the subject matter of the proceeding must be implicated; and (3) the state proceeding must afford an adequate opportunity to raise constitutional challenges. *Wightman v. Texas Supreme Court,* 84 F.3d 188, 189 (5th Cir. 1996), citing *Middlesex Country Ethics Committee v. Garden State Bar Association,* 457 U.S. 423, 432, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982).

Plaintiff's state court suit satisfies all three of these requirements. The proceedings are on-going, the state has an important interest in dealing with matters involving state prisoners and the prison system, and the state proceeding will afford the plaintiff an opportunity to raise constitutional challenges. Thus, this court finds that the principles enunciated in *Younger* bar this court from considering the plaintiff's claims.

### IV. Medical Care Claims

To the extent that the court need not abstain from reaching the merits of the plaintiff's claims, the court finds that the plaintiff's medical claims do not rise to the level of a constitutional violation.

Plaintiff claims that he was denied adequate medical care. To state such a claim under § 1983, a prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

6

To demonstrate "deliberate indifference," the prisoner must show that the prison official knew of and disregarded an excessive risk to the prisoner's health. *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). See *Wilson v. Seiter*, 501 U.S. 294, 302-03, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991) (holding that a prisoner must show a culpable or punitive state of mind on the part of the prison official accused of violating the Eighth Amendment). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir.1997). Thus, not every claim of inadequate or improper medical treatment is a violation of the Constitution. *Estelle v. Gamble*, 429 U.S. at 105-07. Complaints of negligence, neglect, unsuccessful treatment, or even medical malpractice do not give rise to constitutional claims. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir.1991); *Graves v. Hampton*, 1 F.3d 315, 319 (5th Cir.1993). See *Ruiz v. Estelle*, 679 F.2d 1115, 1149 (5th Cir.1982) (footnote omitted) ("Neither inadvertent failure to provide adequate medical care, nor carelessness, nor even deliberate failure to conform to the standards suggested by experts is cruel and unusual punishment.").

A prisoner's disagreement with his medical treatment also does not give rise to a claim under § 1983. *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir.1997). "Rather, the [prisoner] must show that the official [s] 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Domino v. Texas Dept. Of Criminal Justice*, 239 F.3d at 756 (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir.1985)).

The evidence before the court does not support a finding of deliberate indifference. To the contrary, the complaint and exhibits establish that plaintiff was seen by medical personnel and that a treatment plan was established. As previously stated, simply because plaintiff disagreed with his

medical treatment does not give rise to a claim under § 1983. *Norton*, at 292. The facts alleged by plaintiff clearly do not demonstrate that the defendants refused to treat him, ignored his complaints, intentionally treated him incorrectly or engaged in any conduct that would clearly evince a wanton disregard for any serious medical needs. In short, plaintiff's medical care claim is frivolous, and dismissal on that basis is recommended.

**V. Three Strikes**

Plaintiff has had at least three previous civil actions filed in this Court dismissed in whole or in part as frivolous, malicious, or for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e). *See President v. Hudgene, et al,* No. 2:98-cv-1430 (partial dismissal as frivolous); *President v. O'Neal, et al,* 2:99-cv-2317; *President v. Prentice,* 2:01-cv-863. After review of all claims raised herein, the undersigned has recommended plaintiff's claims herein to be dismissed as frivolous. Thus, it is clear that the plaintiff is barred by the "Three Strikes" provision of 28 U.S.C. § 1915(g) from filing any civil actions in United States District Courts *in forma pauperis* except for cases involving an imminent danger of serious physical injury. See, *Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996).

Accordingly,

**IT IS RECOMMENDED THAT THIS ACTION BE DISMISSED** for lack of jurisdiction to review a final judgment of the Louisiana Courts under the authority of the Rooker-Feldman Doctrine.

**IT IS FURTHER RECOMMENDED** that, to the extent plaintiff seeks review on the merits of his claim, all claims herein be **DISMISSED WITH PREJUDICE** as frivolous and as failing to state a claim upon which relief can be granted in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

**IT IS FURTHER RECOMMENDED** that plaintiff be barred from filing any other civil actions in United States District Courts *in forma pauperis* except for cases involving an imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, June 14, 2006.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE